IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 107-005 |
| | ) | |
| JOHN ALBERT REYNOLDS | ) | |

**ORDER**

Before the Court are the various pre-trial and discovery motions filed by Defendant John Albert Reynolds. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION, including REQUEST FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING INFORMATION

As to Defendant Reynolds's general discovery requests, the government responds that it has provided Defendant "open file" discovery in this case. The government has provided approximately 132 pages of discovery materials that include the investigation reports of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the United States Attorney's Office (attorney and agent work product excepted). All known statements by Defendant have also been produced, as has his criminal record. If any scientific tests were conducted or exemplars taken and the results are available, those results have been included in the discovery materials.[1] Accordingly, the Court finds that the position of the United

---

[1] The government notes that it is not aware of any scientific tests currently being performed that relate to the offense[s] charged in the indictment. (Doc. no. 26, p. 2).

States Attorney in permitting full disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 16-1).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

As to the request for disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Court finds that to some extent, Defendant's request exceeds the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This motion is **GRANTED** (doc. no. 16-2) to the extent that the government must provide all <u>Brady</u> material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 14), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which he desires to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant Reynolds seeks the disclosure of all electronic surveillance. The government responds that no taped conversations have been made in this case, and no electronic surveillance was conducted. Therefore, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 15).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and

3

inconvenience to the Court and jury. The government does not oppose the motion. The government also states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. The government is **HEREBY INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 17).

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Reynolds filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated February 2, 2007 (doc. no. 11), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 18).

4

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant Reynolds has filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 19).

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant Reynolds filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 21). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the

government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

### MOTION TO PRESERVE RECORD AS TO RACE OF EACH VENIREMAN AT TRIAL

The Equal Protection clause forbids prosecutors from challenging potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). As this information would be necessary for an appeal under Batson, the motion is **GRANTED**. (Doc. no. 22).

### MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Reynolds is **DENIED**. (Doc. no. 23). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### MOTION FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant Reynolds under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant Reynolds intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide "open file" discovery, it is

entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 26-1, 26-2).

SO ORDERED this 10th day of May, 2007, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

        vs.                         *       CASE NO. 1:07-cr-5

JOHN ALBERT REYNOLDS     *

                                  *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 5/10/07 _____, which is part of the official records of this case.

Date of Mailing:   5/10/07
Date of Certificate:   5/10/07

                                            SCOTT L. POFF, CLERK

                                            By _/s/ L. Jlander_

NAME:
1. John Albert Reynolds
2. David Dekle
3.
4.
5.
6.
7.

| Cert/Copy | | | Cert/Copy | |
|---|---|---|---|---|
| ☐ ☐ | District Judge | | ☐ ☐ | Dept. of Justice |
| ☐ ☒ | Magistrate Judge | | ☐ ☐ | Dept. of Public Safety |
| ☐ ☐ | Minutes | | ☐ ☐ | Voter Registrar |
| ☐ ☐ | U.S. Probation | | ☐ ☐ | U.S. Court of Appeals |
| ☐ ☐ | U.S. Marshal | | ☐ ☐ | Nicole/Debbie |
| ☐ ☒ | U.S. Attorney | | ☐ ☐ | Ray Stalvey |
| ☐ ☐ | JAG Office | | ☐ ☐ | Cindy Reynolds |